UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

-----------------------------------------------------x

| | | |
|---|---|---|
| MALCOLM JOHNSON, | : | |
| an individual, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | CASE NO.: |
| | : | |
| vs. | : | Judge: |
| | : | |
| | : | Magistrate: |
| | : | |
| OCB RESTAURANT COMPANY, LLC | : | |
| | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------------x

## COMPLAINT

Plaintiff, MALCOLM JOHNSON, by and through his undersigned counsel, hereby files this original Complaint against OCB RESTAURANT COMPANY, LLC (hereinafter referred to as "DEFENDANT"), and demands declaratory and injunctive relief and attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.  Plaintiff, MALCOLM JOHNSON, (hereinafter referred to as "MR. JOHNSON"), is a resident of St. Louis County, Missouri. MR. JOHNSON resides approximately seven (7) miles away from the facility which is the subject of this action.

4.  MR. JOHNSON is a qualified individual with a disability under the ADA. MR. JOHNSON

suffers from chronic obstructive pulmonary disease (COPD) which makes walking distances more than a few feet difficult or impossible for MR. JOHNSON without a mobility device. When MR. JOHNSON has to walk more than a few feet, he suffers difficulty breathing.

5.    MR. JOHNSON also suffers from arthritis in both knees and Osteoarthritis in his left knee, which makes walking more than a few feet extremely painful for MR. JOHNSON.

6.    Due to his disability, MR. JOHNSON is substantially impaired in several major life activities and requires an electric scooter, a wheelchair, or a walker for mobility.

7.    Upon information and belief, DEFENDANT is a limited liability company organized in the State of Missouri and doing business in St. Louis County.

8.    Upon information and belief, DEFENDANT can be contacted at its registered agent located at:

> c/o Capitol Corporate Services, Inc.
> 222 E. Dunklin, Suite 102
> Jefferson City, MO 65101

9.    Upon information and belief, DEFENDANT is the operator of the real properties and improvements that are the subject of this action, to wit: Hometown Buffet, 12228 St. Charles Rock Road, Bridgeton, Missouri, 63044. (hereinafter referred to as "the Property").

10.    The Property is a restaurant.

11.    DEFENDANT is obligated to comply with the ADA.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

12.     MR. JOHNSON realleges and reavers Paragraphs 1 - 11 as if they were expressly restated

herein.

13.     The Property is a place of public accommodation, subject to the ADA, generally located

at: 12228 St. Charles Rock Road, Bridgeton, Missouri, 63044.

14.     Upon information and belief, MR. JOHNSON last visited the Property during the month

of September in 2017. MR. JOHNSON desires to visit the Property again in the near future,

but is presently deterred due to the non-compliant barriers. MR. JOHNSON lives

approximately seven (7) miles away from the Property.

15.     Upon information and belief, MR. JOHNSON desires to visit the Property multiple times

each year to patronize the Hometown Buffet restaurant.

16.     Upon information and belief, MR. JOHNSON has visited the Property numerous times in

the past prior to September of 2017.

17.     The discrimination alleged herein is ongoing.

18.     At various times, MR. JOHNSON has personally observed or encountered all of the

barriers which are the subject of this action.

19.     Due to the accessibility barriers discussed below, MR. JOHNSON knows that he will have

difficulty patronizing the restaurant at issue due to the inaccessibility of the restrooms.

20.     During his visits to the Property, MR. JOHNSON has experienced serious difficulty

accessing the goods and utilizing the services offered at the Property due to the

architectural barriers as discussed in Paragraph 25.

21.     MR. JOHNSON continues to desire to visit the Property and patronize the restaurant, but

fears that he will continue to experience serious difficulty due to the barriers discussed in

Paragraph 25.

22.    The barriers discussed below in Paragraph 25 are excluding MR. JOHNSON from the programs and activities offered at the Property.

23.    MR. JOHNSON plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

24.    MR. JOHNSON presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

25.    Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to, the following barriers which presently exist at the Property:

        I.      UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

            A.      The restroom signage for the Men's Bathroom is improperly installed on the door instead of the wall.

            B.      There is no grab bar installed on the rear wall of the designated handicap-accessible bathroom stall.

            C.      Use of one of the existing grab bars on the wall of the designated handicap-accessible bathroom stall is improperly impeded by the positioning of the toilet paper dispenser.

            D.      The toilet in the designated handicap-accessible bathroom stall is improperly positioned at an excessive distance from the side wall.

            E.      The width of the floor space in the designated handicap-accessible bathroom stall is insufficient.

F.      The coat hook installed on the back of the designated handicap-accessible bathroom stall door is higher than the maximum permissible reach range.

G.      The toilet seat cover dispenser installed on the rear wall of the designated handicap-accessible bathroom stall is higher than the maximum permissible reach range.

H.      The bathroom mirror is installed in the bathroom at a height that exceeds the permissible maximum height.

I.      Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

26.    MR. JOHNSON continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 25 are removed.

27.    MR. JOHNSON intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANT will continue to discriminate against him by failing to modify the barriers at the Property.

28.    Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

29.    Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

30.    Upon information and belief, removal of the barriers to access located on the Property

would provide MR. JOHNSON with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

31.     Independent of his intent to return as a patron to the Property, MR. JOHNSON additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

32.     MR. JOHNSON has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to the pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. JOHNSON demands judgment against DEFENDANT, and requests the following relief:

A.     That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

B.     That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.     That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. JOHNSON; and

D.     That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**Bizer & DeReus**
Attorneys for Plaintiff

6

Garret S. DeReus (MO # 68840)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
    Garret S. DeReus